# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

---

No. 01-60808
Summary Calendar

---

G & K SERVICES,

Petitioner,

v.

OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION;
ELAINE CHAO, Secretary of Labor, United States Department of Labor

Respondents

---

Petition For Review of an Order of the Occupational
Safety and Health Review Commission
(00-1544)

---

June 24, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[1]

This case presents a petition for review of a Final Order of the Occupational Safety and

Health Review Commission ( the Commission) of an Occupational Safety and Health

Administration citation issued by the Secretary of Labor to G & K Services (G & K).  G & K runs

a commercial laundry.  The Commission cited G & K regarding two violations: (1) that

"[e]mployees were not trained on the hazards associated with operation of the washers and

---

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dryers; and (2) that "[t]he swing plate to the inspection port on a . . . dryer . . . was removed and not replaced. The internal parts of the inspection plate were missing and not replaced." The citations arose out of an incident in which a G & K employee, untrained as to the operation of the dryers, reached his hand through an inspection port on a dryer from which the swing plate was missing in order to push a pair of pants back into the dryer. His fingers became wrapped in the drying garments and his arm was amputated by the operating of the rotating dryer. Although G&K has a written policy against the practice, it was clear from the record that G&K employees, including supervisors, regularly reached their fingers into the first portion of the inspection port to test the dryness of items and trained new employees in this practice.

Based on our review of the record, substantial evidence supports the Commissions factual findings that G&K's formal training was perfunctory, ineffective, and ignored by its own supervisory staff. RSR Corp. v. Brock, 764 F.2d 355, 363-363 (5th Cir. 1985). We also reject G&K's argument that the training standard was unconstitutionally vague as without merit. G&K clearly understood the directive of the training standard as evidenced by its formal written safety rules. The record supports the finding that it simply failed to effectively put them into practice. On the issue of the swing plate, there is some question whether the inspection port was originally designed to be secured with four bolts (as stated in the Decision and Order) or by one, to allow it to swing to allow viewing the inside of the dryer. However, under either design, the guard was undisputedly missing and the standard prohibiting the removal of safeguards was violated.

Finding no error, we AFFIRM.